*37 MEMORANDUM BX THE COURT
When the written order of July 17, 1918, was issued all the services which were at any time rendered by the plaintiff had been performed. Such services had been rendered in pursuance of what is called an “ informal agreement.” The development work “ to cover development of sound-proof helmets ” called for in this written order, so far as the evidence shows, found expression in the submission to the designated officer of the Signal Corps of a crude sample for inspection and testing which was not satisfactory or useful. No report covering details was made by plaintiff, though the same was requested on July 5, 1918, and afterwards. The plaintiff’s president did not understand that a report was to be made, and the order in writing dated July 17, 1918, did not mention such a report. It seems manifest that if one party understood that the report was to be made and the other party understood differently there was no meeting of the minds, a feature necessary in contracts. The plaintiff was one of a number of persons engaged in the same line of work and experimentation having to do with the development of sound-proof helmets, and on May 28, 1918, was informed that other developments had so far progressed that it had been decided to discontinue the work, and it was requested to cease activities “ on this problem ” and present its bill “ as directed by the order which you have received.” As already stated, no such “ order ” had been received, but a test helmet had been delivered. Plainly the plaintiff’s *38 cause of action, if it be conceded there was a cause of action, accrued when the notice of May 28, 1918, to discontinue its efforts was given, and when it was operating under the so-called informal agreement. More than six years afterwards this suit was brought, the petition being filed July 17, 1924. The claim is barred by the statute of limitations, which in this court is jurisdictional. The written order issued July 17, 1918, does not relieve the situation. At most, it is but evidential of the “ informal agreement ” under which the plaintiff had proceeded before it was issued. In the language of the stipulation, it followed “ the informal agreement,” and nothing substantial was done under the written order.
2. It may be stated that where services were rendered or goods delivered to the Government under an informal agreement an action may be maintained and recovery had in quantum meruit or quantum valebant. In such case proof is-allowed to be adduced as to the value of the services or goods. After a contract has been performed compliance with section 3744 Revised Statutes is immaterial. United States v. Andrews & Co., 207 U. S. 229. While immaterial in the view we have of the case, it may be added that the value of the service is stated in the stipulation without any sustaining proof in the record. Why this claim was not presented as a Dent Act claim it does not appear. We are satisfied that it is barred by the statute of limitations. For the reasons assigned above the petition should be dismissed. And it is so ordered.